THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FREDERIC J. FREDERICKS, Appellant.

*Crimes — robbery, first degree — judgment of conviction reversed for error in admitting evidence of identification — evidence impeaching complaining witness.*

Appeal by the defendant from a judgment of the Supreme Court, New York county, Criminal Branch, rendered April 27, 1922, convicting the defendant of robbery in the first degree.

PER CURIAM: The judgment should be reversed and a new trial ordered, upon the ground that the evidence of Officer Melley impeaching the testimony of the complaining witness upon the matter of identification was improperly admitted. (*People* v. *De Martini*, 213 N. Y. 203.) Present — Clarke, P. J., Merrell, Martin and Burr, JJ.; Merrell, J., dissents in a memorandum.

MERRELL, J. (dissenting): I dissent. The record leaves no doubt in my mind as to the guilt of the defendant. I am satisfied that the complaining witness, Yoswein, was " reached " after he had identified the defendant on the night of his arrest and two days later in Magistrates' Court, and as the result of which the complainant became a most unwilling witness for the People at the trial. The court properly gave to the district attorney the utmost latitude in examining this unwilling witness, who persisted in expressing doubt as to the defendant being the person who had robbed him. Upon being recalled near the close of the trial, Yoswein was asked by the district attorney: " Q. And who was it took the

money from you, the man that you saw in the station-house afterwards? A. I took the money out of my pocket and give it to the man. Q. Who did you give the money to, the man that you saw in the police station? A. The man that was standing alongside of me. The Court: That was the man you identified in the police station? The Witness: Yes, sir." There · remained, therefore, no doubt as to the identity of the defendant. The error upon which this just judgment of conviction is to be set aside was a technical one which should be disregarded under section 542 of the Code of Criminal Procedure. The evidence fully justified the verdict of the jury. I vote for affirmance of the judgment of conviction. Judgment reversed and new trial ordered. Settle order on notice.